**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO. 2:20-cr-00097** |
| **Plaintiff,** | |
| | **Honorable Norah McCann King** |
| **vs.** | |
| **RYAN J. GIBBS,** | **SENTENCING MEMORANDUM** |
| **Defendant.** | |

On August 12, 2020, Mr. Gibbs pled guilty to a one count information alleging a violation of 16 U.S.C. §1538(a)(1)(E) and 16 U.S.C. §1540(b)(1). As a part of the Rule 11(C)(1)(c) Plea Agreement, the parties agreed to a one-year term of probation, 80 hours of community service a $100,000 fine payable to the Lacey Act Reward Account and a $25 special assessment. Mr. Gibbs also agreed to abandon the following items to the United States Fish and Wildlife Service.

1)   a stuffed lion;
2)   two stuffed puffins;
3)   a panther skin, and;
4)   a sawfish rostrum.

18 U.S.C. §3553(a) requires the Court to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection when imposing a sentence. The Court shall consider:

1)   The nature and circumstances of the offense and the history and characteristics of the Defendant

2)   The need for the sentence imposed;

3)   The kinds of sentences available;

4)   The kinds of sentence and the sentencing range established;

5)      Any pertinent policy statement;

6)      The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

7)      The need to provide restitution to any victim of the offense.

Mr. Gibbs has been convicted of a misdemeanor which is not a crime of violence nor one that is likely to be repeated.  He has no prior criminal history, has always been gainfully employed and is a well-respected member of the community.  He accepts the seriousness of the offense and is genuinely remorseful for his conduct.  A conviction of a criminal offense, a one-year term of probation, 80 hours of community service and a fine of $100,000 does not demean the seriousness of Mr. Gibbs' conduct and, in fact, does promote respect for the law.

Mr. Gibbs' conviction has been covered in numerous newspaper articles and television reports.  It has been a public embarrassment to him and certainly will deter others from similar conduct.  There is no likelihood that Mr. Gibbs will repeat this or any other offense in the future.

A sentence of  probation is available.   The total offense level in this case is 4 with zero criminal history.  The suggested guideline sentence range is 0-6 months.  The Rule 11(C)(1)(c) Plea Agreement calls for a sentence of probation.

There is no relevant policy statement.

A sentence as outlined in the Plea Agreement is consistent with others who have been found guilty of similar conduct and with similar prior criminal records.

There is no restitution owed to any victim.   Mr. Gibbs will pay a $100,000 fine to the Lacey Act Reward Account.

For the reasons stated herein, counsel for Mr. Gibbs respectfully moves the Court to accept the Rule 11 Plea Agreement entered into by the parties and impose a sentence consistent with that Plea Agreement.

s/R. Scott Croswell, III
R. Scott Croswell
Reg. No.:  019726
1208 Sycamore Street
Cincinnati, OH  45202
Tel: (513) 241-5670
Fax: (513) 929-3473
Email: rscroswell@gmail.com
*Counsel for Defendant Ryan Gibbs*

**CERTIFICATE OF SERVICE**

I do hereby certify that on the 30th day of September, 2020 I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ELF system which will send notification of such filing to J. Michael Marous, Assistant United States Attorney, at Email: Mike.Marous@usdoj.gov and Adam C. Cullman, Trial Attorney, at Email: Adam.Cullman@usdoj.gov.

s/R. Scott Croswell
R. Scott Croswell (019726)

3