**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **CASE NO. 2:20-cr-097** |
| **vs.** | **MAGISTRATE JUDGE KING** |
| **RYAN J. GIBBS,** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **Defendant.** | |

The United States of America, by and through its undersigned counsel, herein submits its sentencing memorandum for Defendant Ryan J. Gibbs. The Government respectfully recommends that this Court impose the sentence agreed upon by the parties in the Plea Agreement.

## Background

The Endangered Species Act ("the Act") was designed to protect critically imperiled species from extinction. The Act, and the regulations promulgated thereunder, protect various wildlife species that have been declared endangered and threatened by the United States Fish and Wildlife Services (USFWS). *Panthera tigris*, commonly known as tigers, are listed as "endangered" on the Endangered Species List. 50 C.F.R § 17.11 (providing a list of all wildlife species declared endangered and threatened by USFWS).

## Facts

The relevant facts, which have been stipulated to by both parties, are provided in the Statement of Facts attached to the plea agreement. Docket Entry 2, Attachment A. In summary, Defendant Gibbs travelled to Jeffersonville, Ohio, to purchase multiple items of wildlife, including two stuffed puffins and a tiger skin. *See* Exhibit 1 (photograph of tiger skin).

1

Unbeknownst to the Defendant, the seller of these items was an undercover agent with the U.S. Fish and Wildlife Service.

### Sentencing Guidelines

Gibbs' offense level under the U.S. Sentencing Guidelines is a 10,[1] before acceptance of responsibility. This includes the base offense level of 6, pursuant to 2Q2.1(a). Because tigers are listed on the Endangered Species Act, there is a four-point enhancement under § 2Q2.1(b)(3)(B).

### Proposed Sentence

The plea agreement reached between the parties was entered pursuant to Rule 11(c)(1)(C). As part of this binding plea agreement, the Government and Defendant Gibbs agreed that the following specific sentence was the appropriate disposition of this case:

*Probation*

The parties agree that Defendant should receive a sentence of 1 year of Probation. As part of his Probation the Defendant agrees to perform 80 hours of community service. If possible, the community service should be directed toward assisting a non-profit or governmental organization in Ohio working in the area of wildlife conservation. If such an organization is unable to be located, the community service should be performed for a public park or nature center. The beneficiary of the community service is subject to approval by the U.S. Probation Office and the assigned prosecutor from either the USAO or ECS.

*Fine*

---

[1] Although this calculation differs from the Presentence Investigation Report, both calculations yield an offense level in Zone A, after acceptance of responsibility.

The Defendant agrees to pay a $100,000.00 fine payable to the Lacey Act Reward Account. This fine is payable at the time of sentencing and shall be paid using a check made out to the Court.

*Abandonment of Additional Wildlife*

The Defendant agrees to abandon the following items to the USFWS, to wit: a stuffed lion, two stuffed puffins, a panther skin, and a sawfish rostrum, all currently in his possession. The Defendant agrees to consent promptly upon request to the entry of any orders deemed necessary by the USAO or the Court to complete the abandonment and disposition of the aforementioned property.

**Argument**

The court should sentence the defendant, Ryan J. Gibbs, in accordance with the Plea Agreement signed by the parties. The sentence is sufficient to comply with the relevant factors set out in 18 U.S.C. § 3553(a). It was crafted to acknowledge the nature and circumstances of the offense and the history and characteristics of the defendant. In addition, the sentence reflects the seriousness of the crime, promotes respect for the law, deters future crime, and provides just punishment. Finally, given that this plea was filed pursuant to Fed. R. Crim. P. 11(c)(1)(C), the agreed sentence recognizes the defendant's acceptance of responsibility and his efforts to assist the Government after his crime was uncovered.

Although the fine amount agreed-to by the parties is greater than the advisory fine range established in the Sentencing Guidelines,[2] the Guidelines also make clear that "[i]n determining the amont of the fine, the court <u>shall</u> consider…(2) any evidence presented as to the defendant's

---

[2] For offense level 8, the fine range provided in the Sentencing Guidelines is $2,000 to $20,000. U.S.S.G. § 5E1.2.

ability to pay the fine (including the ability to pay over a period of time) in light of his earning capacity and financial resources… The amount of the fine should always be sufficient to ensure that the fine, taken together with other sanctions imposed, is punitive." U.S.S.G. §5E1.2(d) (emphasis added). Likewise, the Sentencing Commission stressed that "where a sentence within the applicable fine guideline range would not be sufficient to ensure…an adequate punitive fine, an upward departure from the fine guideline range may be warranted." *See* U.S.S.G. §5E1.2 Note 4. *See also United States v. Teel*, 691 F.3d 578, 591 (5th Cir. 2012) ("The court properly utilized its discretion to vary from the Guidelines by taking into account Minor's financial resources when determining the appropriately punitive fine in the first instance."); *United States v. Turner*, 536 F. App'x 614 (6th Cir. 2013) (upholding a $250,000 fine imposed where the Guideline fine range was $4,000 to $40,000). Given the considerable resources of defendant Gibbs,[3] along with the need to ensure a punitive sentence, such a variance is warranted here.

### Conclusion

Rather than impose a term of imprisonment, the government requests that the Court impose a sentence that includes a one year period of probation, 80 hours of community service, and impose a fine of $100,000.

---

[3] As detailed in the Presentence Investigation Report, Defendant Gibbs' total net worth is nearly $16 million, with monthly income of over $228,000.

DAVID M. DEVILLERS
UNITED STATES ATTORNEY


/s J. Michael Marous
J. MICHAEL MAROUS (0015322)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, OH 43215
Phone No.: (614) 469-5715
Fax No.: (614) 469-5653
Email: Mike.Marous@usdoj.gov




JEAN E. WILLIAMS
DEPUTY ASSISTANT ATTORNEY GENERAL


   /s Adam Cullman
ADAM C. CULLMAN (KY #93912)
Trial Attorney
221 E. 4th St., Suite 400
Cincinnati, OH 45202
Phone No.: (513) 684-6824
Email: Adam.Cullman@usdoj.gov

5

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the Government's Sentencing Memorandum was filed electronically through the District Court Electronic Case System on 1/26/2021 and automatically served upon counsel for Defendant.

        /s Adam Cullman_____
ADAM C. CULLMAN (KY #93912)
Trial Attorney
221 E. 4th St., Suite 400
Cincinnati, OH 45202
Phone No.: (513) 684-6824
Email: Adam.Cullman@usdoj.gov